UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| **CANADIAN SOLAR INTERNATIONAL LIMITED; and CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED STATES,**<br><br>**Defendant.** | Ct. No. 23-222<br><br>Before: Unassigned. |

### COMPLAINT

Plaintiffs, Canadian Solar International Limited ("CSIL") and Canadian Solar Manufacturing (Thailand) Co., Ltd. ("THSM"), by and through counsel, bring this Complaint against the United States of America, and allege as follows:

### DETERMINATION TO BE REVIEWED

1. Plaintiffs contest the final determination of the U.S. Department of Commerce ("Commerce") that crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules, are being exported from Thailand to the United States in circumvention of the antidumping duty and countervailing duty ("AD/CVD") orders (the "*Solar I* Orders") on CSPV cells, whether or not assembled into modules, from the People's Republic of China ("China") under 19 U.S.C. § 1677j(b).  *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023) (final scope determination and final affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand,

1

and Vietnam) (the "Final Determination") and accompanying Memorandum from James Maeder to Lisa W. Wang, *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Issues and Decision Memorandum for the Circumvention Inquiry With Respect to the Kingdom of Thailand* (Aug. 17, 2023) ("Final IDM").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). That section confers on the U.S. Court of International Trade jurisdiction to review, *inter alia*, final determinations issued by Commerce under Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(ii); 19 U.S.C. § 1516a(a)(2)(B)(vi).

## NAME AND STANDING OF PLAINTIFFS

3. CSIL is a foreign exporter of CSPV cells, whether or not assembled into modules, from Thailand. THSM is a Thai producer of CSPV cells, whether or not assembled into modules, from Thailand. CSIL and THSM participated in the circumvention inquiry that led to the challenged Final Determination through the submission of argument and factual information. Commerce also selected CSIL as a respondent party subject to individual examination in the circumvention inquiry that is subject to this appeal. Plaintiffs are therefore interested parties and parties to the proceeding within the meaning of Section 771(9)(A) of the Act, 19 U.S.C. § 1677(9)(A), and have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THIS ACTION

4. Section 516A(a)(2)(A)(ii) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(vi), the summons must be filed

within thirty (30) days of the mailing date of the contested determination, and the complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A)(ii). Commerce rendered the Final Determination on August 17, 2023, published the Final Determination in the *Federal Register* on August 23, 2023, 88 Fed. Reg. 57,419 and transmitted the Final Determination via FedEx on September 20, 2023. On October 20, 2023, 30 days from Commerce's September 20, 2023 FedEx transmission, Plaintiffs filed a summons with this Court. On November 20, 2023, the first business day following thirty (30) days thereafter, Plaintiffs filed this Complaint. This action is thus timely brought. 1/

## STANDARD OF REVIEW

5.    This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1677j to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STATEMENT OF FACTS

6.    Canadian Solar Inc. is a globally integrated solar company legally domiciled and incorporated in Canada; registered under the laws of the Province of Ontario, Canada; and maintaining its principal executive office and place of business in Guelph, Ontario, Canada. Its indirectly, majority-owned subsidiary CSIL is a Hong Kong-based trading company that sells and exports CSPV solar products to markets around the world. CSIL exports solar modules produced by its affiliate, THSM, to the U.S. market. THSM has manufactured CSPV solar modules since

---

1/    Commerce published the Final Determination in the *Federal Register* on August 23, 2023, after rendering the decision on August 17, 2023. The agency then sent the Final Determination to Plaintiffs' counsel via FedEx on September 20, 2023. In light of the delay between Commerce's decision and its transmission via FedEx, which ultimately reached 34 days, CSIL additionally filed suit on September 18, 2023, prior to Commerce's FedEx transmission of the Final Determination. That appeal is pending before the Court of International Trade as Case No. 23-00195.

3

2016 and cells since 2017 at its facilities in Chonburi, Thailand. Canadian Solar has invested approximately $500 million in Thailand since establishing THSM in 2015, including millions of dollars related to research and development ("R&D").

7.    On April 1, 2022, Commerce initiated country-wide circumvention inquiries to determine whether imports of CSPV solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from China were circumventing the *Solar I* Orders. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 19,071 (Apr. 1, 2022) (initiation of circumvention inquiry on the antidumping duty and countervailing duty orders). Commerce initiated the inquiry following a February 8, 2022 request by Auxin Solar Inc. ("Auxin"), a small domestic CSPV module assembler.

8.    On March 30, 2022, Commerce issued Quantity and Value Questionnaires to producers and exporters of CSPV products from Thailand. *See* Memorandum from James Maeder to Lisa W. Wang, *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Decision Memorandum for the Circumvention Inquiry With Respect to the Kingdom of Thailand* (Dec. 1, 2022) ("Prelim. IDM") at 2. Commerce selected CSIL and Trina Solar Science & Technology (Thailand) Ltd. ("TTL") as mandatory respondents subject to individual examination on May 12, 2022 and then issued circumvention questionnaires.

9.    CSIL cooperated fully as a mandatory respondent throughout the course of the circumvention proceeding. Between April and November 2022, CSIL provided fifteen separate factual submissions to Commerce and responded completely to Commerce's detailed requests, including by providing THSM's business and production information. On February 10, 2023 and

from February 13, 2023 through February 15, 2023, Commerce verified the circumvention questionnaire responses of CSIL at THSM's manufacturing facility in Chonburi, Thailand. Commerce found "no discrepancies" between CSIL's reported information and the officials' observations at the THSM factory. Memorandum from Paola Aleman Ordaz to The File, *Circumvention Inquiry With Respect to the Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China - Verification of the Information Reported by Canadian Solar International Limited*, Case No. A-570-979 (Anti-circumvention Inquiry, Thailand–2022) (Apr. 19, 2023).

10. Following Commerce's initiation of the circumvention inquiry, on June 9, 2022, the President of the United States declared an emergency to exist with respect to the threats to the availability of sufficient electricity generation capacity to meet expected customer demand and instructed Commerce to waive *Solar I* circumvention tariff requirements for a period of twenty four months, in the event of affirmative findings. *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067 (Executive Office of the President June 9, 2022). President Biden determined that "{i}mmediate action is needed to ensure in the interim that the United States has access to a sufficient supply of solar modules to assist in meeting our electricity generation needs." *Id*. at 35,068. On September 12, 2022, Commerce added Part 362 to its regulations to implement the President's instructions. *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022). In promulgating this Final Rule, Commerce determined that "the record supports the conclusions of the President that an electricity supply emergency exists in the United States, and that to address the energy supply emergency with solar energy

technology, the United States must rely, in part, on imported solar modules for the immediate future." *Id*. at 56,873.

11. Commerce reached preliminary affirmative determinations of circumvention on December 1, 2022, on a country-wide basis and with respect to CSIL. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 75,221 (Dep't Commerce Dec. 8, 2022) (preliminary affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) ("Preliminary Determination").  The governing statute, 19 U.S.C. § 1677j(b), only permits Commerce to render affirmative determinations if it finds that, among other factors: (1) the process of assembly or completion in Thailand is minor or insignificant; (2) the value of the merchandise produced in China is a significant portion of the total value of the merchandise exported from Thailand to the United States; and (3) action is appropriate to prevent evasion of the AD/CVD Orders.  The statute additionally instructs the agency how to determine whether a process is "minor or insignificant"—that is, Commerce must assess: (A) the level of investment in Thailand; (B) the level of R&D in Thailand; (C) the nature of the production process in Thailand; (D) the extent of production facilities in Thailand; and (E) whether the value of the processing performed in Thailand represents a small proportion of the value of the merchandise imported into the United States.

12. In the Preliminary Determination, Commerce found that certain factors weighed in favor, and other factors weighed against, a finding of circumvention.  In particular, Commerce found the Thailand manufacturing operations to be a "minor or insignificant" process, the value of Chinese inputs to be relatively significant, and, additionally, the pattern of trade, the presence of affiliated parties, and the volumes of shipments from China to Thailand to weigh in favor of

circumvention. Prelim. IDM at 24. In its "minor or insignificant" analysis, Commerce analyzed five factors in accordance with the statutory test at 19 U.S.C. § 1677j(b)(2). Commerce found that three of the five factors – (1) THSM's high level of investment, (2) complicated production process, and (3) comprehensive production facilities – weighed against a finding of circumvention. Notwithstanding these three negative findings, Commerce found the two remaining factors – THSM's level of R&D and the value of the processing performed in Thailand – to weigh in favor of a finding of circumvention, and it thus found that the process was "minor or insignificant" and that CSIL was circumventing the *Solar I* Orders.

13.   On August 17, 2023, Commerce rendered its Final Determination. Commerce affirmed its findings on the statutory factors provided at 19 U.S.C. § 1677j to weigh in favor of a finding of circumvention. Commerce once again found THSM's production process to be "minor or insignificant" based on the (1) level of R&D in Thailand and (2) the value of the processing performed in Thailand. Final IDM at 44, 57-60. The Final Determination acknowledges, however, (1) the significant level of investment in Thailand, (2) the nature of the production process in Thailand, and (3) the extent of the production facilities to weigh against a "minor or insignificant" finding. Final IDM at 41-42, 49, 56. The Final Determination asserts that Commerce made a finding of "appropriateness" with respect to an affirmative finding and concludes that the value of Chinese components constitutes a significant portion of the total value of the merchandise exported to the United States. Final IDM at 68, 76. Commerce thus found CSIL to have circumvented the *Solar I* Orders and issued an affirmative country-wide and company-specific finding of circumvention. Commerce's Final Determination significantly expands the scope of the *Solar I* Orders to cover cells whose positive-negative ("p/n") junctions are formed outside of China.

# STATEMENT OF CLAIMS

## COUNT ONE

**Commerce's Finding of "Minor or Insignificant Processing" as to Canadian Solar Is Not Supported by Substantial Evidence or in Accordance with Law**

**Section 781 of Tariff Act of 1930, as amended, 19 U.S.C. § 1677j**

14. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this Complaint.

15. Section 781 of the Act only permits Commerce to make a finding of circumvention if the "process of assembly or completion {in Thailand} is minor or insignificant." 19 U.S.C. § 1677j(b)(1)(C). In determining whether a process is "minor or insignificant," the statute directs Commerce to examine: (A) the level of investment in {Thailand}; (B) the level of research and development in {Thailand}; (C) the nature of the production process in {Thailand}; (D) the extent of production facilities in {Thailand}; and (E) whether the value of the processing performed in {Thailand} represents a small proportion of the value of the merchandise imported into the United States. 19 U.S.C. § 1677j(b)(2).

16. Commerce found that a majority of these factors weighed against a finding of circumvention with respect to CSIL. That is, three factors supported a negative determination as to CSIL. Notwithstanding, Commerce found the significant manufacturing operations undertaken by THSM in Thailand to be "minor or insignificant." Commerce's finding of "minor or insignificant" processing contradicts the terms of the statute and agency precedent.

17. Commerce's finding that the 19 U.S.C. § 1677j(b)(2) factors support a finding of circumvention is not supported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

**Commerce's Findings on Research and Development in Thailand Are Not Supported by Substantial Evidence or Otherwise in Accordance with Law**

**Section 781 of Tariff Act of 1930, as amended, 19 U.S.C. § 1677j**

18. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this Complaint.

19. In determining whether the process undertaken in Thailand is "minor or insignificant," Section 781 of the Act directs Commerce to take into account the "level of research and development in {Thailand}," along with the four other enumerated factors. 19 U.S.C. § 1677j(b)(2)(B).

20. In the Final Determination, Commerce unlawfully elevated the R&D prong to be decisive in rendering an affirmative or negative finding. In doing so, the Final Determination treats a single factor – the level of R&D conducted in Thailand – as dispositive of Commerce's "minor or insignificant" finding as to CSIL and TTL. This approach is contrary to the statute, which requires a holistic assessment of the "minor or insignificant" factors, and inconsistent with Commerce's treatment of R&D in previous circumvention determinations.

21. Moreover, in finding THSM's Thailand production to be "minor or insignificant," Commerce disregarded substantial record evidence demonstrating the significant R&D activities undertaken by THSM in Thailand.

22. Commerce's findings with respect to R&D in the Final Determination are unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT THREE

### Commerce's Findings on Value of Processing in Thailand Are Not Supported by Substantial Evidence or Otherwise in Accordance with Law

### Section 781 of Tariff Act of 1930, as amended, 19 U.S.C. § 1677j

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this Complaint.

24. In determining whether the process undertaken in Thailand is "minor or insignificant," Section 781 of the Act directs Commerce to take into account "whether the value of the processing performed in the foreign country represents a small proportion of the value of the merchandise imported into the United States." 19 U.S.C. § 1677j(b)(2)(E). Commerce found that this factor weighed in favor of a finding of circumvention with respect to CSIL.

25. Commerce's analysis disregarded the significant value added by THSM's Thailand production operations. In particular, the Final Determination erred by focusing on percentage values rather than more qualitatively on the nature of the production process. In other proceedings, Commerce has explained that this analysis entails a qualitative focus on the nature of the production process, not a rigid numerical calculation of "value-add." Commerce unlawfully departed from this precedent in the Final Determination and also failed to address previous Commerce circumvention determinations inconsistent with its "value-add" findings.

26. Commerce's finding with respect to the value of Thailand processing is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT FOUR

### Commerce Failed to Demonstrate that an
### Affirmative Finding of Circumvention Is Appropriate

### Section 781 of Tariff Act of 1930, as amended, 19 U.S.C. § 1677j

27. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this Complaint.

28. In order for Commerce to reach an affirmative circumvention finding, the governing statute requires Commerce to "determine{} that action is appropriate . . . to prevent evasion of such order or finding." 19 U.S.C. § 1677j(b)(1)(E). This statutory factor is separate and distinct from the other elements required for an affirmative finding.

29. In the Final Determination, Commerce concluded that an affirmative finding was "appropriate" because Commerce found the other statutory factors to support an affirmative finding. Final IDM at 76-77.

30. Commerce's reasoning is circular. Congress mandated that "appropriateness" is a separate and independent statutory factor to be considered by Commerce. Commerce ignored this dictate in the Final Determination.

31. Commerce's finding with respect to appropriateness is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT FIVE

**Commerce Inappropriately Expanded the Scope of the *Solar I* Orders to Disregard Its and other Government Agencies' Decade of Consistent Findings that the Formation of the P/N Junction Is the Critical Step in the Manufacture of Solar Cells**

**Section 781 of Tariff Act of 1930, as amended, 19 U.S.C. § 1677j**

32. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this Complaint.

33. The Final Determination expands the scope of the *Solar I* Orders to cover CSPV cells whose p/n junctions are formed outside of China.

34. This decision contradicts Commerce's findings throughout its decade-long administration of the *Solar I* Orders. Commerce (and other U.S. government agencies) consistently administered the *Solar I* Orders so that that CSPV cells with p/n junctions formed outside of China were not considered to be products of China for purposes of the *Solar I* Orders. Commerce's Final Determination erased this longstanding rule in contravention of both the law and the record evidence demonstrating that the formation of the p/n junction is critical to the formation of a solar cell.

35. Commerce's about-face in the Final Determination to expand the scope of the *Solar I* Orders to cover CSPV cells with p/n junctions formed outside of China is unsupported by substantial evidence on the record and otherwise not in accordance with law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that this Court:

(a) Hold that the Final Determination is unsupported by substantial evidence and otherwise not in accordance with law;

(b) Remand the Final Determination with instructions to issue a new determination that is consistent with the Court's decision; and

(c) Provide such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ Jonathan T. Stoel
        Jonathan T. Stoel
        Craig A. Lewis
        Michael G. Jacobson
        Nicholas R. Sparks
        Nicholas W. Laneville
        Lindsay K. Brown

        HOGAN LOVELLS US LLP
        Columbia Square
        555 Thirteenth Street, N.W.
        Washington, DC 20004-1109
        (202) 637-6634
        jonathan.stoel@hoganlovells.com

        *Counsel to Canadian Solar International Limited and Canadian Solar Manufacturing (Thailand) Co., Ltd.*

Date: November 20, 2023