IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED; and CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD., <br><br>           Plaintiffs, <br><br>      and <br><br>NEXTERA ENERGY CONSTRUCTORS, LLC, <br><br>           Plaintiff-Intervenor, <br><br>      v. <br><br>UNITED STATES, <br><br>           Defendant, <br>      and <br><br>AUXIN SOLAR INC., <br><br>           Defendant-Intervenor. | Court No. 23-00222 |
| TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD., <br><br>           Plaintiff, <br><br>      and <br><br>NEXTERA ENERGY CONSTRUCTORS, LLC; CANADIAN SOLAR |  |

| | |
|---|---|
| INTERNATIONAL LIMITED; and CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD., | ) ) ) ) |
| Plaintiff-Intervenors, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, and | ) ) ) ) |
| AUXIN SOLAR INC., | ) ) ) |
| Defendant-Intervenor. | ) ) |

Court No. 23-00227

### PLAINTIFF-INTERVENOR NEXTERA ENERGY CONSTRUCTORS, LLC'S REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE AGENCY RECORD

Matthew R. Nicely
Daniel M. Witkowski
Julia K. Eppard
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street
Washington, DC 20006
Phone: (202) 887-4046
E-mail: mnicely@akingump.com
*Counsel for NextEra Energy Constructors, LLC*

Dated: December 2, 2024

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

GLOSSARY .............................................................................................................. iii

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 2

I.  DEFENDANT FAILS TO SHOW THAT COMMERCE REASONABLY FOUND THAT THE PROCESS OF ASSEMBLING OR COMPLETING CSPV CELLS AND MODULES IN THAILAND WAS MINOR ........................................ 2

II. DEFENDANT FAILS TO DEMONSTRATE THAT COMMERCE REASONABLY FOUND THAT THE VALUE OF PROCESSING PERFORMED BY THSM IN THAILAND WAS SMALL .............. 10

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*HLDS (B) Steel Sdn Bhd v. United States*, No. 21-00638, 2024 WL
    244937 (Ct. Int'l Trade Jan. 23, 2024) .............................................. 5, 9
*Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) ........... 2, 8
*Ventura Coastal LLC v. United States*, No. 23-00009, 2024 WL
    4799469 (Ct. Int'l Trade Nov. 7, 2024) ................................................. 3

Statutes

19 U.S.C. § 1677j(b) ................................................................................ 2, 9
19 U.S.C. § 1677j(b)(1) ............................................................................ 8, 9
19 U.S.C. § 1677j(b)(1)(C) ............................................................ 2, 7, 8, 10
19 U.S.C. § 1677j(b)(1)(E) ............................................................................ 9
19 U.S.C. §§ 1677j(b)(1)(A)-(D) .................................................................. 9
19 U.S.C. § 1677j(b)(2) ....................................................................... *passim*
19 U.S.C. § 1677j(b)(3) ............................................................................ 8, 9

Administrative Decisions

*Antidumping and Countervailing Duty Orders on Certain Aluminum
    Foil From the People's Republic of China: Final Affirmative
    Determinations of Circumvention With Respect to the Republic of
    Korea and the Kingdom of Thailand*, 88 Fed. Reg. 82,824 (Nov. 27,
    2023), and accompanying Issues and Decision Memorandum with
    Respect to Korea .................................................................................. 4
*Certain Tissue Paper Products From the People's Republic of China:
    Affirmative Preliminary Determination of Circumvention of the
    Antidumping Duty Order and Extension of Final Determination*,
    73 Fed. Reg. 21,580 (Dep't Commerce Apr. 22, 2008) ......................... 12

Legislative History

Uruguay Round Agreements Act, Statement of Administrative Action,
    H.R. Rep. No. 103-316, Vol. I (1994) .................................................... 6

GLOSSARY

| Abbreviation | Term |
|---|---|
| Canadian Solar Reply | Reply Brief in Support of Motion for Judgment Upon the Agency Record of Plaintiffs Canadian Solar International Limited and Canadian Solar Manufacturing (Thailand) Co., Ltd. |
| CSIL | Canadian Solar International Limited |
| CSPV | crystalline silicon photovoltaic |
| Decision Memo | Issues and Decision Memorandum for the Circumvention Inquiry With Respect to Thailand accompanying *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) |
| Def. Br. | Defendant's Opposition to Plaintiffs' and Plaintiff-Intervenor's Rule 56.2 Motions for Judgment on the Administrative Record |
| *Final Determination* | *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) |
| NextEra | NextEra Energy Constructors, LLC |
| NextEra Br. | Plaintiff-Intervenor NextEra Energy Constructors, LLC's Memorandum in Support of Rule 56.2 Motion for Judgment on the Agency Record |
| SAA | Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Rep. No. 103-316, Vol. I (1994) |
| THSM | Canadian Solar Manufacturing (Thailand) Co., Ltd. |
| TTL | Trina Solar Science & Technology (Thailand) Ltd. |

INTRODUCTION

Plaintiff-Intervenor NextEra Energy Constructors, LLC ("NextEra") hereby submits this reply brief in support of the Rule 56.2 motion for judgment upon the agency record filed by Plaintiffs Trina Solar Science & Technology (Thailand) Ltd. ("TTL") and Canadian Solar International Limited ("CSIL") and Canadian Solar Manufacturing (Thailand) Co., Ltd. ("THSM") (jointly "Canadian Solar") (collectively "Plaintiffs"). For the reasons explained by Plaintiffs in their respective reply briefs and the additional reasons provided in this brief, the arguments in Defendant's Opposition to Plaintiffs' and Plaintiff-Intervenor's Rule 56.2 Motions for Judgment on the Administrative Record, ECF Nos. 44 (Case No. 23-222) and 48 (Case No. 23-227) (Def. Br.), in defense of Commerce's *Final Determination* are without merit and should be rejected. NextEra supports the arguments made in Plaintiffs' reply briefs and adopts them by reference. NextEra elaborates on two issues in this brief: (i) the flaws in Commerce's overall determinations that the process of assembling or completing crystalline silicon photovoltaic ("CSPV") cells and modules in Thailand by CSIL and THSM was minor; and (ii) the flaws in Commerce's determination

that the value of the processing performed by THSM in Thailand was small.

## ARGUMENT

I. DEFENDANT FAILS TO SHOW THAT COMMERCE REASONABLY FOUND THAT THE PROCESS OF ASSEMBLING OR COMPLETING CSPV CELLS AND MODULES IN THAILAND WAS MINOR

Before Commerce can expand the scope of an order under 19 U.S.C. § 1677j(b), Commerce must find, inter alia, that "the process of assembly or completion in the foreign country . . . is minor or insignificant." 19 U.S.C. § 1677j(b)(1)(C). Section 1677j(b)(2) sets forth specific factors that Commerce "shall take into account" "{i}n determining whether the process of assembly or completion is minor or insignificant." 19 U.S.C. § 1677j(b)(2). As explained in Canadian Solar's reply brief, this Court must independently determine what the best reading of the statute is, applying all relevant tools of statutory construction. *See* Reply Br. in Supp. of Mot. for J. Upon the Agency R. of Pls. Canadian Solar International Limited and Canadian Solar Manufacturing (Thailand) Co., Ltd. 4, ECF No. 46 (Case No. 23-222) ("Canadian Solar Reply") (discussing *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)); *see also Ventura Coastal LLC v.*

2

*United States*, No. 23-00009, 2024 WL 4799469, at *8-10 (Ct. Int'l Trade Nov. 7, 2024) (rejecting Commerce's interpretation of a provision of the Tariff Act and explaining that "an agency's power to apply the law to particular facts does not undermine the Court's duty to address questions of statutory meaning").

Defendant fails to square its arguments with the plain meaning of "process of assembly or completion."[1] As explained in NextEra's opening brief, the use of the word "process" directs Commerce's analysis to the actions of assembling or completing the merchandise. NextEra Br. 7.

In support of Commerce's overall determination, Defendant emphasizes that the mandatory respondents' Chinese affiliates expended more on research and development ("R&D") in China than the mandatory respondents expended in Thailand. Def. Br. 16. But when R&D is fungible and can be separated both temporally and geographically from the action of completing or assembling the merchandise, which is what Commerce found in this case, the R&D

---

[1] Defendant also fails to square its arguments with the plain meaning of "minor" and "insignificant." *See* Canadian Solar Reply 10-11; Pl.-Intervenor NextEra Energy Constructors, LLC's Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R. 7-10, ECF Nos. 43 (Case No. 23-222) and 47 (Case No. 23-227) ("NextEra Br.").

3

factor provides little, if any probative value, as to whether the "process of assembly or completion" in a particular locale is minor or insignificant.

NextEra observed in its opening brief that Commerce in fact has recognized that the R&D factor, because it is not directly related to the actual process of assembly or completion, is a less probative factor than the nature of the production process and the value added. NextEra Br. 11-12. Specifically, Commerce has stated that:

> {T}he factors involving the level of investment, the level of R&D, and the extent of the production facilities in {the third country} weighed less heavily in our determination than the factors involving the nature of the production process and the value added in {the third country} because the former relate more broadly to the companies and their facilities, *whereas the latter relate more to the production of inquiry merchandise itself*.

*Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Final Affirmative Determinations of Circumvention With Respect to the Republic of Korea and the Kingdom of Thailand*, 88 Fed. Reg. 82,824 (Nov. 27, 2023), and accompanying Issues and Decision Memorandum with Respect to Korea at 32 (emphasis added). Defendant attempts to distinguish the industries at issue in two prior cases where Commerce found R&D to be

4

unimportant, Def. Br. 26-27, but it conspicuously failed to offer any explanation for how Commerce's *Final Determination* comports with Commerce's own recognition in *Aluminum Foil from China* that the R&D factor provides only limited probative value as to whether the "process of assembly or completion" is minor or insignificant.

 Similarly, Defendant ignores that the "nature of the production process" is inherently more probative of whether the "process of assembly or completion" is minor or insignificant. Again, Commerce acknowledged as much in *Aluminum Foil from China*, which Defendant did not address. This Court also recently observed that "the statute equates 'completion or assembly' with 'production process.'" *HLDS (B) Steel Sdn Bhd v. United States*, No. 21-00638, 2024 WL 244937, at *4 (Ct. Int'l Trade Jan. 23, 2024). Given that the "nature of the production process" is the only factor in 19 U.S.C. § 1677j(b)(2) that is focused directly on the actual "process of assembly or completion," it logically is more informative of whether that process is minor or insignificant. 19 U.S.C. § 1677j(b)(2). Commerce has even observed, including in the *Final Determination*, that Congress intended for Commerce to "focus more on the nature of the production process" in its overall

5

determination. Decision Memo, Appx1113. It is thus unsurprising that, until this case, Commerce had never made an affirmative circumvention finding where the agency found the nature of the production process weighed against finding that the process of assembly or completion was minor or insignificant.

     NextEra appreciates that no factor under 19 U.S.C. § 1677j(b)(2) is controlling, and that Commerce makes its determinations on a case-by-case basis. Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Rep. No. 103-316, Vol. I at 893 (1994) ("SAA"). Thus, the nature-of-the-production-process factor may not necessarily be determinative. But Commerce effectively elevated R&D to a controlling factor in this inquiry, even though Commerce acknowledged that R&D in the solar industry can be completely segregated from the actual production of the merchandise, Decision Memo, Appx1098-1099, Appx1121, meaning that the presence or absence of R&D in a particular location is not indicative of the significance of the production processes that are being undertaken in that locale. Moreover, even if R&D expenditures in China were greater than the R&D expenditures in Thailand, the record does not support a

finding that R&D constituted a comparatively large expenditure for CSPV products compared to other costs, that the final stages of CSPV cell and module production do not require R&D (which would actually suggest that the process is minor), or that no R&D was conducted in Thailand. *See, e.g.*, Canadian Solar Reply 24-26; NextEra Br. 20-21. The totality of the evidence regarding R&D cannot possibly negate the overwhelming evidence with respect to the other factors analyzed by Commerce, including the nature of the production process, showing that the process of assembly or completion in Thailand was far from minor or insignificant.

Under the statute, R&D is simply a factor that Commerce must take into account. The ultimate determination must be based on the "*process* of assembly or completion." 19 U.S.C. §§ 1677j(b)(1)(C), 1677j(b)(2) (emphasis added). The totality of the record supports only one conclusion with respect to that ultimate issue—that the process of assembly or completion was not minor or insignificant.

Perhaps realizing the fundamental weakness in Commerce's elevation of the R&D factor above all other factors combined, Defendant resorts to offering a tortured reading of the statute that would render

7

Commerce's analyses under 19 U.S.C. § 1677j(b)(2) largely irrelevant. Defendant asserts that the statute does not explain how Commerce is to take into account the respondent's affiliation (or lack thereof) with input suppliers in the country subject to the order under 19 U.S.C. § 1677j(b)(3). Def. Br. 30. According to Defendant, this supposed silence permitted Commerce to rely on affiliation to effectively negate all of its findings regarding the factors listed in 19 U.S.C. § 1677j(b)(2) that weighed against a conclusion that the process of assembly or completion was minor or insignificant. *Id.* This argument is meritless.

As explained above, following *Loper Bright*, it is the Court's duty to independently reach the best reading of the statute. Section 1677j(b)(1) lays out five criteria that must be met for Commerce to expand the order. One of those criteria is whether the "process of assembly or completion in the foreign country . . . is minor or insignificant." 19 U.S.C. § 1677j(b)(1)(C). Congress set forth the specific factors that Commerce "shall consider" when "determining whether the process of assembly or completion is minor or insignificant under paragraph (1)(C)." 19 U.S.C. § 1677j(b)(2). Affiliation is not listed, and for good reason. Whether the respondent is affiliated with an input

8

supplier or not proves nothing about the *process* of assembly or completion performed by the respondent.

Section 1677j(b)(3) lists affiliation as a factor that Commerce shall consider "*{i}n determining whether to include merchandise* assembled or completed in a foreign country *in a countervailing duty order or an antidumping duty order.*" 19 U.S.C. § 1677j(b)(3) (emphases added). Section 1677j(b)(1)(E) requires Commerce to find that "action is appropriate . . . to prevent evasion of such order" before it can expand the scope of an order, while section 1677j(b)(1) separately provides that Commerce "may include" merchandise found to be circumventing an order. 19 U.S.C. § 1677j(b). The (b)(3) factors, including affiliation, are merely aimed at helping Commerce decide, in its discretion, whether it is appropriate to expand the order even if it has found the process to be minor or insignificant. They are not meant to guide Commerce's analysis of the separate requirement that the "process of assembly or completion is minor or insignificant," which is addressed solely by 19 U.S.C. § 1677j(b)(2). *See HLDS (B) Steel*, 2024 WL 244937, at *1 (describing sections 1677j(b)(1)(A)-(D) as "threshold requirements," and sections 1677j(b)(1)(E) and 1677j(b)(3) as "additional factors" that

9

Commerce must consider "before expanding the scope of a duty order" "{a}ssuming that those threshold requirements are satisfied"). Commerce introduced an irrelevant factor into its analysis under 19 U.S.C. §§ 1677j(b)(1)(C) and 1677j(b)(2) to negate the many findings that were properly made under those provisions, leading to a determination that was neither supported by substantial evidence nor in accordance with law. Commerce's determination must be remanded.

II.  DEFENDANT FAILS TO DEMONSTRATE THAT COMMERCE REASONABLY FOUND THAT THE VALUE OF PROCESSING PERFORMED BY THSM IN THAILAND WAS SMALL

Defendant characterizes Canadian Solar's and NextEra's arguments regarding the value of processing performed by THSM as a claim that "Commerce failed to consider the nature of the production process as part of its evaluation of the value added by Canadian Solar in Thailand." Def. Br. 19-20. That characterization is inaccurate. To be sure, Canadian Solar and NextEra both noted the directive in the SAA for Commerce to focus more on the qualitative nature of the production process rather than rigid numerical calculations of the value added. But Canadian Solar and NextEra ultimately argued that Commerce erred because it failed to incorporate *any* qualitative assessment of the value

added in Thailand. Pls.' Mem. in Supp. of Mot. for J. Upon the Agency R. 52-53, ECF Nos. 40-1 (Case No. 23-222) and 44-1 (Case No. 23-227); NextEra Br. 25-28.

Considering the qualitative value added is not the same as considering the nature of the production process. A process could be complex yet result in only relatively minor changes to the product. Conversely, a relatively simple process could result in a significant change in the product, like adding vinegar to baking soda. As Canadian Solar and NextEra explained in their opening briefs, not only was the nature of the production process employed by THSM significant, but the change in the product itself was significant as well. The utility and functionality of a product is certainly a measure of value, *see* Canadian Solar Reply 28, and significantly improving a product's utility or functionality constitutes adding value.

Because the statute does not set forth a rigid formula for determining whether a particular quantitative value-added percentage is "small," a qualitative assessment provides essential context for making that determination. As Defendant itself recognizes, if only the value-added percentages are considered, Commerce's prior

determinations are inconsistent. Def. Br. 24. And if Commerce is not going to establish specific cut-offs for what constitutes a "small" proportion, Commerce must offer a reasoned explanation for why a percentage of 34 percent is not considered small, *see Certain Tissue Paper Products From the People's Republic of China: Affirmative Preliminary Determination of Circumvention of the Antidumping Duty Order and Extension of Final Determination*, 73 Fed. Reg. 21,580, 21,585 (Dep't Commerce Apr. 22, 2008), but the similar value added by THSM is small. Incorporating a qualitative assessment of the value added, as Commerce has done in past proceedings, allows Commerce to make reasoned judgments as to whether the value-added percentage in a particular case should be considered small. Commerce acted arbitrarily in failing to follow that practice or to otherwise articulate a reasoned explanation for why the value added by THSM was small despite Commerce finding that similar, and even lower, value-added percentages are not small.

## CONCLUSION

For the reasons discussed above and in Plaintiffs' reply briefs, Defendants have not shown that Commerce's *Final Determination* is

supported by substantial evidence or otherwise in accordance with law.

Accordingly, this Court should grant Plaintiffs' Rule 56.2 Motion.

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
Daniel M. Witkowski
Julia K. Eppard
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street
Washington, DC 20006
Phone: (202) 887-4046
E-mail: mnicely@akingump.com
*Counsel for NextEra Energy Constructors, LLC*

Dated: December 2, 2024

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel at Akin Gump Strauss Hauer & Feld LLP hereby certify that the foregoing Reply Brief in Support of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record, dated December 2, 2024, complies with the word-count limitation set forth in the Court's May 24, 2024, Scheduling Order. The memorandum of law contains 2,342 words according to the word-count function of the word-processing software used to prepare the memorandum.

Respectfully submitted,

<u>/s/ Matthew R. Nicely</u>
Matthew R. Nicely
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street
Washington, DC 20006
Phone: (202) 887-4046
E-mail: mnicely@akingump.com
*Counsel for NextEra Energy Constructors, LLC*